IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2007

Charles R. Fulbruge III
Clerk

_____

No. 07-30314
Summary Calendar
_____

MICHAEL ANTHONY HURLEY; JO
ANNA P. HURLEY

Plaintiffs-Appellants

v.

UNITED STATES BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT, OF THE U.S.
DEPARTMENT OF HOMELAND SECURITY;
BUREAU OF CITIZENSHIP AND IMMIGRATION
SERVICES, OF THE U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendants-Appellees

_____

Appeal from the United States District Court
for the Western District of Louisiana
U.S. 6:07-CV-608

_____

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Plaintiffs-Appellants (possibly, Petitioners-Appellants) Michael Anthony Hurley and Jo Anna P. Hurley, husband and wife, appeal the district court's denial of their Complaint/Motion for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Other Relief filed April 3, 2007. In its Order, the district court offered that any relief to which the Hurleys might be entitled must be sought from this court pursuant to 8 U.S.C. § 1252 as amended by the REAL ID Act of 2005. The Hurleys timely filed a purported notice of appeal entitled Complaint for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and Petition for Review and Other Relief. Liberally construing the filings of these pro se parties as a timely notice of appeal, we decline to construe it as a petition for review, because if were we thus to construe it, we would have to dismiss it for lack of jurisdiction. This is because, as a petition for review, it is untimely filed on its face.

We are not unmindful of the plight of the Hurleys resulting from a relatively minor controlled substance violation by Michael decades ago in a foreign country, which violation and the punishment for it were subsequently omitted or misreported by Michael in his responses to questions posed by immigration officials in this country, all of which has led to his removal to his native England. Neither are we unsympathetic with the Hurleys or unmindful of the legitimate concern of congressional officials for the Hurleys' circumstances. We are, however, bound to follow the clear and unambiguous dictates of the law applicable to this situation, which begins now as always with the threshold question of our jurisdiction. Finding we have none, we have no choice but to dismiss this appeal cum petition for review for lack of

2

jurisdiction as a result of the untimely filing of the Hurleys' pleadings even when construed as a notice of appeal.

DISMISSED for lack of jurisdiction.